IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA F. MCNEILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| DEPARTMENT OF VETERANS AFFAIRS | : | NO. 20-105 |

**MEMORANDUM**

**Padova, J.**                                                                                                                  May 19, 2021

      Plaintiff Linda McNeill filed suit against the United States Department of Veterans Affairs ("VA") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). She alleges that Defendant negligently maintained a sidewalk outside the Philadelphia VA Medical Center and that a defect in that sidewalk caused her to trip and sustain injuries. We held a bench trial on April 5, 2021. Following the close of Plaintiff's case, Defendant moved for Judgment on Partial Findings pursuant to Federal Rule of Civil Procedure 52(c). For the reasons that follow, we grant the Motion and enter Judgment in favor of Defendant. In accordance with Rule 52, we enter the following findings of facts and conclusions of law.

*Findings of Fact*

1. On December 10, 2018, at approximately 12 p.m., Plaintiff was walking on the grounds of the VA Medical Center in West Philadelphia to have lunch with a friend there when she tripped and fell. (N.T. 4/5/21 at 79-82.)

2. At trial, Plaintiff testified that she tripped on an indentation in the sidewalk and marked the specific location on a photograph of the sidewalk as shown below. (See id. at 82-83, 90, Ex. P-1-C.)



3. Plaintiff further testified that, when her left foot hit the indentation in the sidewalk, she took a few steps forward and fell forward, landing on her right hand, which was bent backwards and painful. (N.T. 4/5/21 at 82-83, 88-89, 93-94.) Plaintiff believed, after the fall, that she had broken her hand. (Id. at 94.)

4. Plaintiff then drove herself to the emergency room at Mercy Hospital where she sought treatment for her injuries. (Id. at 95-96.)

5. Plaintiff's trial testimony regarding where she tripped was different from her deposition testimony, in which she stated under oath that she could not recall which rectangular object she tripped over. (Id. at 120-21.)

6. In addition to Plaintiff's trial testimony, she also presented the following evidence at trial: photographs of the sidewalk where she fell, excerpts from the deposition of a corporate designee of Defendant, the Medical Record review of Dr. Meredith Osterman, and Dr. Osterman's IME Report. (Stip. of Admitted Evid., Docket No. 53 at 1.)

*Conclusions of Law*

1. Federal Rule of Civil Procedure 52(c) provides that "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim . . . that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

2. Thus, we "may grant a Rule 52(c) motion . . . at any time during a bench trial, so long as the party against whom judgment is to be rendered has been 'fully heard' with respect to an issue essential to that party's case." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 272 (3d Cir. 2010).

3. When deciding "whether to grant judgment under Rule 52(c), the district court applies the same standard of proof and weighs the evidence as it would at the conclusion of the trial." Id. (citing Emerson Elec. Co. v. Farmer, 427 F.2d 1082, 1086 (5th Cir. 1970); Falter v. Veterans Admin., 632 F. Supp. 196, 200 (D.N.J. 1986)).

4. Therefore, we are not required to "view the evidence through a particular lens or draw inferences favorable to either party" and may "make determinations of witness credibility where appropriate." Id. at 272-73 (citing Ritchie v. United States, 451 F.3d 1019, 1023 (9th Cir. 2006); Parker v. Long Beach Mortgage Co., 534 F. Supp. 2d 528, 535 (E.D. Pa. 2008); Giant Eagle, Inc. v. Fed. Ins. Co., 884 F. Supp. 979, 982 (W.D. Pa. 1995); Falter, 632 F. Supp. at 200).

5. Under the FTCA, a plaintiff may file a civil claim against the United States for

    personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

6. "Pennsylvania law applies when a plaintiff claims injury caused by the negligence of the United States and alleges that the negligent act occurred in Pennsylvania." Burdo v. United States, Civ. A. No. 05-3791, 2006 WL 8459510, at *3 (E.D. Pa. May 19, 2006) (citing 29 U.S.C. § 1346(b)).

7. In order to prevail on a negligence claim under Pennsylvania law, the plaintiff must prove "'by a preponderance of the evidence, that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm.'" Walters v. UPMC Presbyterian Shadyside, 187 A.3d 214, 221 (Pa. 2018) (quoting Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998)).

8. A landowner owes a duty of care to "protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care." Chenot v. A.P. Green Servs., Inc., 895 A.2d 55, 64 (Pa. Super. Ct. 2006).

9. "[I]t has long been the law in Pennsylvania in 'fall-down' cases that the pedestrian has the burden of proving the existence of a defective condition and the knowledge, actual or constructive, of the real estate possessor of the condition prior to the accident." Kardibin v. Associated Hardware, 426 A.2d 649, 652 (Pa. Super. Ct. 1981) (citations omitted); Waddington v. United States, Civ. A. No. 07-4903, 2008 WL 2522430, at *7 (E.D. Pa. June 24, 2008) (same (citing Kardibin, 426 A.2d at 652)). Plaintiff, therefore, bears the burden of proving a defect existed and that Defendant had actual or constructive knowledge of the defect prior to her fall. See id.

10. We further note that "[w]hile landowners have a duty to maintain sidewalks in a reasonably safe condition, there is no duty to protect a pedestrian from any and all accidents."

Waddington, 2008 WL 2522430, at *7 (citing Davis v. Potter, 17 A.2d 338, 339 (Pa. 1941)). Rather, "[p]roperty owners must maintain their sidewalks so that they do not present an unreasonable risk of harm to pedestrians." Mull v. Ickes, 994 A.2d 1137, 1140 (Pa. Super. Ct. 2010) (citing Bromberg v. Gekoski, 189 A.2d 176, 177 (Pa. 1963); German v. City of McKeesport, 8 A.2d 437, 440 (Pa. Super. Ct. 1939)).

11. "[A]n elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist." Id. at 1140-41 (citing Davis, 17 A.2d at 338) (additional citations omitted); see also Davis, 17 A.2d at 339 (holding that ¾ to 1 and 1/8 inch elevation in pavement was "so trifling that it did not impose liability").

12. "'No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression' to determine whether the defect is trivial as a matter of law." Mull, 994 A.2d at 1140 (quoting Breskin v. 535 Fifth Ave., 113 A.2d 316, 318 (Pa. 1955)). Whether a defect is trivial "'is an issue of fact to be determined in light of the circumstances of the particular case.'" Scharf v. HJ & VJ, Inc., Civ. A. No. 13-4089, 2016 WL 4366992, at *3 (E.D. Pa. Aug. 16, 2016) (quoting Waddington, 2008 WL 2522430, at *7).

13. Examples of circumstances a court may consider when determining whether a defect is trivial include the location of the defect and/or inclement weather conditions at the time of the plaintiff's fall. See Yohey v. Crupi, 2013 WL 11257192, at *1, 5 (Pa. Super. Ct. July 12, 2013) ("emphasiz[ing] the peculiar location of the defect, the severe weather conditions, the crowd of people rushing toward the entrance of the restaurant, [the plaintiff's] urgency to step aside, as well as the size and nature of the [1/2 inch] defect"); see also Ozer v. Metromedia Rest. Grp., Steak & Ale of Pennsylvania, Inc., Civ. A. No. 04-940, 2005 WL 525400, at *7 (E.D.

5

Pa. Mar. 7, 2005) (considering "the proximity of the raised asphalt [the defect] to the curb . . . because a stumble over the raised asphalt . . . could be exacerbated by an individual's inability to recover . . . before confronting the curb."); Mull, 994 A.2d at 1139-40 (denying summary judgment where the record evidence showed that the plaintiff fell in a two inch gap in the sidewalk that included a 1 and ½ inch depression and which was in "the direct line of travel of one entering the building"). Expert testimony regarding a defect may also aid in our evaluation of whether a defect is trivial. See, e.g., Reinoso v. Heritage Warminster SPE LLC, 108 A.3d 80, 90 (Pa. Super Ct. 2015) (considering the plaintiff's "expert testimony indicating that the height differential [between sidewalk panels] exceed[ed] safety standards").

14. In contrast, a court may find an alleged defect to be trivial as a matter of law where the plaintiff "provide[s] no evidence of the size, depth, or condition of the alleged defect [and provides] no expert witness or report," relying only on her own testimony and photographs, where the defendant has submitted evidence that the alleged defect was "within nationally recognized sidewalk safety standards." Monti v. Pet Supplies Plus, LLC, 2020 WL 4192449, at *3, 5, 8 (Pa. Super. Ct. July 21, 2020), appeal denied 2021 WL 612292 (Pa. Feb. 17, 2021).

15. Plaintiff maintains, and Defendant does not contest, that she was an invitee on the VA's grounds. (See N.T. 4/5/21 at 206.) Therefore, Defendant owed Plaintiff a duty to protect "against known dangers, [and] those which might be discovered with reasonable care." Chenot, 895 A.2d at 64.

16. Defendant was not, however, required to protect Plaintiff "from any and all accidents" on its land. Waddington, 2008 WL 2522430, at *7 (citing Davis, 17 A.2d at 339). Rather, Plaintiff must prove that a defect existed, and that Defendant had actual or constructive knowledge of

6

the defect prior to her fall. See id. (citing Kardibn, 426 A.2d at 652); see also Kardibin, 426 A.2d at 652.

17. Plaintiff testified that an indentation in the sidewalk caused her to trip and marked the location of her fall on what appears to be a rectangular utility box. (N.T. 4/5/21 at 82-83, Ex. P-1-C.) However, the photograph of the sidewalk that she entered into evidence at trial does not clearly show that the area she has identified as the indentation is lower than the surrounding sidewalk. (See Ex. P-1-C.) Moreover, Plaintiff has introduced no measurements or other evidence showing the size, depth or condition of the alleged indentation. While there is "'no definite or mathematical rule . . . as to the depth or size of a sidewalk depression' . . . to determine whether the defect is trivial as a matter of law," Mull, 994 A.2d at 1140 (quoting Breskin, 113 A.2d at 318) (additional citation omitted), Plaintiff has failed to introduce any other evidence regarding the circumstances of her fall that would allow us to conclude that Plaintiff has carried her burden of proving that a non-trivial defect existed in the sidewalk on the VA's property.

18. We conclude, accordingly, that Plaintiff has failed to satisfy her obligation of proving the existence of a defective condition on the sidewalk that caused her to fall. Kardibin, 426 A.2d at 652 (citations omitted).

19. For the foregoing reasons, we conclude that Plaintiff has failed to prove by a preponderance of the evidence that Defendant was negligent in connection with her fall on the sidewalk of the property possessed by Defendant.

Accordingly, we will grant Defendant's Motion for Judgment on Partial Findings pursuant to Rule 52(c). An appropriate Order follows.

BY THE COURT:


    /s/ John R. Padova
    John R. Padova, J.